**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Shawna Lynn Lopez,** | : |
| **Plaintiff** | : **CIVIL ACTION NO. 3:15-0724** |
| **v.** | : **(MANNION, D.J.)** |
| | **(COHN, M.J.)** |
| **CAROLYN W. COLVIN,** | : |
| **Commissioner of Social Security,** | |
| | : |
| **Defendant** | : |
| | : |

## MEMORANDUM

Pending before the court is the report and recommendation of Magistrate Judge Gerald B. Cohn, (Doc. 20), which recommends that the decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for supplemental security income ("SSI") under Title XVI of the Social Security Act be vacated and the action be remanded for a new administrative hearing. The defendant has waived her opportunity to object to Judge Cohn's report and recommendation, (Doc. 21), and no objections have been made by the plaintiff. Based on the foregoing, Judge Cohn's report is **ADOPTED** as noted in this Memorandum and the decision of the Commissioner is **VACATED** and **REMANDED** for a new administrative hearing.

# I.      BACKGROUND[1]

## A.      Social Security Scheme

In order to receive disability benefits, a claimant must show that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). If a claim requires a hearing conducted by an Administrative Law Judge ("ALJ"), the ALJ must use a five-step evaluation process to determine if the claimant is eligible for benefits. *See* 20 C.F.R. §404.1520. If the evaluation reaches step four, the ALJ must first determine the claimant's residual functional capacity ("RFC") before reaching the next steps in the evaluation process. *Id.* §404.1520(e). The final RFC determination is one left, ultimately, to the ALJ.

## B.      The Plaintiff's RFC

The ALJ in the plaintiff's claim was tasked with determining the plaintiff's RFC before making a final disability determination. On September 25, 2013, the ALJ determined that the plaintiff could engage in light work as defined by the Social Security Administration's ("Administration's") regulations, with

---

[1] The court will not repeat the entirety of the factual and procedural background of the plaintiff's social security claim and appeal as this history is thoroughly provided in Judge Cohn's report. The court focuses solely on the dispositive issue addressed in Judge Cohn's report.

additional restrictions. (Doc. 14-2, at 20–29). When making the underlying RFC determination, the ALJ was presented with various pieces of medical evidence. These included an October 26, 2012, Residual Functional Capacity Questionnaire ("RFCQ") provided by the plaintiff's treating physician, Dr. Deborah McMillan, (Doc. 14-8, at 60–61), and a May 2, 2013, RFCQ provided by Dr. McMillan, (Doc. 14-9, at 61–62). In addition, the ALJ was provided with a non-treating, non-examining state consultant opinion dated June 5, 2012, (Doc. 14-3, at 11–19), and a non-treating, non-examining state consultant opinion dated July 3, 2012, (*Id*. at 2–10). These state agency opinions included a Residual Function Capacity Assessment based on the medical evidence submitted for the plaintiff's claim up to that point. The medical evidence reviewed by the state physicians did not include treatment records after June and July of 2012, including Dr. McMillan's second report.

The RFC opinions provided by the plaintiff's treating physician, Dr. McMillan, did not align with those provided by the non-treating, non-examining, state physicians. In particular, Dr. McMillan determined that, as of May 2, 2013, the plaintiff could not sit for more than one hour in a eight hour workday and could not stand or walk for more than one hour in a workday. Meanwhile, the state consultants concluded, in both opinions, that the plaintiff could sit, stand, and/or walk for about six hours in an eight hour workday. Thus, in making the final RFC determination, the ALJ was presented with a battle between two opinions by a single treating physician versus two opinions from

two non-treating, non-examining, state physicians. The ALJ ultimately determined that Dr. McMillan's opinions were entitled to little weight, while the non-treating opinions were entitled to significant weight.

The ALJ determined that the plaintiff's statements regarding her symptoms were not entirely credible, that diagnostic tests (X-ray and MRI tests) revealed minimal findings, that her treatment was relatively conservative, and that her daily activities were not as limited as "one would expect" based on the plaintiff's complaints. (Doc. 14-2, at 24–26). This ultimately led to the ALJ's conclusion that the state agency opinions were more consistent with the record than Dr. McMillan's opinions. Dr. McMillan's opinions were rejected as "inconsistent, unsupported, subjectively-based overestimate(s) of the severity of the [plaintiff's] limitations." (*Id*. at 27).

Judge Cohn found that the ALJ's decision regarding the plaintiff's RFC was not supported by substantial evidence. Judge Cohn determined that there was some support in the record for Dr. McMillan's opinions, findings that were not addressed by the ALJ. He also found that Dr. McMillan's opinions were not contradicted by substantial, inconsistent evidence, just by improper lay reinterpretation of the record by the ALJ. Judge Cohn determined that these defects warranted remand. For reasons explained further below, the court agrees with Judge Cohn's conclusion.

4

## II.    LEGAL STANDARDS

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). District judges should give some "level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

On appeal from the denial of disability benefits, a district court must determine whether the ALJ's decision was supported by substantial evidence, using a deferential standard of review. *See Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." *Id.*

If evaluating an ALJ's RFC determination, the district court must be sure that the ALJ evaluated all probative and pertinent evidence and gave reasons

for discounting contradictory, probative evidence. *Burnett v. Comm'r Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); Johnson, 529 F.3d at 203–204. "Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett*, 220 F.3d at 121. If the underlying issue presents a battle between medical opinions where "the opinion of a treating physician conflicts with that of a non-treating physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F3d 310, 317 (3d Cir. 2000).

## III.   DISCUSSION

The court agrees with Judge Cohn that the ALJ's decision to give less than controlling weight to the treating source opinions was not supported by substantial evidence. The non-treating opinions and the ALJ's lay interpretation of the medical record did not serve as an adequate basis to afford lesser weight to the opinions of Dr. McMillan. In addition, as explained by Judge Cohn, the ALJ failed to address those pertinent parts of the record that did support Dr. McMillan's opinions. (*See* Doc. 20, at 12, 17–18).

Judge Cohn's decision was based upon a review of a variety of case law in this circuit, agency regulations, and agency policy interpretations. Judge Cohn relied heavily on 20 C.F.R. §404.1527(c)(2), a regulation promulgated by the Administration in 1991. That regulation—commonly referred to as the

treating source physician rule—directs the Commissioner to give more weight to treating sources as compared to non-treating sources as a general matter. It provides as follows:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is *well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(I) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion.

20 C.F.R. §404.1527(c)(2) (emphasis added).[2] Judge Cohn's conclusion that the RFC evaluation improperly dismissed Dr. McMillan's report where that opinion had support and where there was no substantial, inconsistent evidence—other than lay interpretation of the record—was a proper application of that Administration's own rule. Judge Cohn also took into consideration the Administration's own policy interpretations of the rule, giving those materials the deference they were entitled to. *See* SSR 96-5p, 1996 WL 374183 (July 2, 1991); SSR 96-6p, 1996 WL 374180 (July 2, 1996).

---

[2] Notably, the ALJ in the plaintiff's case did not objectively apply all of the factors provided by the rule when rejecting Dr. McMillan's opinions.

Judge Cohn also discussed various Third Circuit cases providing detailed guidance on when it is improper to give less than controlling weight to treating source opinions. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500 (3d Cir. 2009); *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352 (3d Cir. 2008); *Morales v. Apfel*, 225 F.3d 310 (3d Cir. 2000). His report also distinguished when it might be proper to credit a non-treating, non-examining opinion over a treating opinion.[3] After reviewing all of these sources, the court finds no clear error in Judge Cohn's interpretation and application of the current precedent in this circuit.

---

[3] Judge Cohn's report credits *Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011) as being the only precedential Third Circuit case to affirm a decision based on a non-treating medical opinion over a treating source medical opinion after the Administration's codification of the treating source physician rule. However, *Jones v. Sullivan*, 954 F.2d 125 (3d Cir. 1991) is another precedential decision that was decided right after the rule went into effect and is similar to *Brown*. In *Jones*, the Third Circuit upheld the ALJ's decision not to credit treating source opinions based on two contradictory, non-treating physician opinions by the state agency. The ALJ in *Jones* did not have the benefit of the treating physician rule and the Third Circuit's opinion was guided by case law, not the rule. This is not dispositive of *Jones*' applicability because, as explained by Judge Cohn, the treating source physician rule simply codified preexisting case law. *Jones* is, thus, still controlling and provides another example in line with *Brown*.

However, although *Brown* and *Jones* provide this court with examples of when it might be appropriate to credit a non-treating, non-examining physician over a treating physician, *Diaz*, *Brownawell*, and *Morales* also give guidance to the district court on review. *Diaz*, *Brownawell,* and *Morales* provide more detailed guidance of what is expected when an ALJ is confronted with contradictory medical opinions. *Diaz*, *Brownawell,* and *Morales*, in addition to the Administration's own policy interpretations, adequately support Judge Cohn's ultimate conclusion.

The court also agrees with Judge Cohn that the fact that the non-treating, non-examining physicians did not review the plaintiff's entire record, including Dr. McMillan's second opinion, is an issue that the ALJ must address. In addition, the ALJ failed to take into account the record evidence that likely supported Dr. McMillan's opinions. The ALJ's failure in this respect also supports the conclusion that the RFC determination was not supported by substantial evidence. *See* Diaz, 577 F.3d at 505–06; Burnett, 220 F.3d at 121–22. The court reiterates Judge Cohn's guidance that the ALJ, on remand, reevaluate the decision to give little weight to the plaintiff's treating physician opinions when making the final RFC determination. The court is not dictating how this should be done, whether that is providing more adequate explanation, further development of the record through a consultative examination, or recontacting the plaintiff's physicians. The court leaves that decision to the sound discretion of the agency on remand.

## IV.   CONCLUSION

The court has reviewed each of the recommended bases presented by Judge Cohn for vacating and remanding the case under Title XVI, including the legal issues raised in Judge Cohn's report. The court agrees with Judge Cohn's conclusion that the decision of the Commissioner be vacated and the case remanded for a new administrative hearing. The court also agrees with the reasoning that led Judge Cohn to this conclusion. Thus, the court will

adopt the report as noted in this Memorandum. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 22, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0724-01.wpd

10